Filed 8/4/14  P. v. Acevedo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E058557 |
| v. | (Super.Ct.No. INF067289) |
| SERGIO PENA ACEVEDO, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.[†]

Reversed and remanded with directions.

Paul E. Zellerbach, District Attorney, and Emily R. Hanks, Deputy District

Attorney, for Plaintiff and Appellant.

---

[†]  Becky Dugan was the judge for the hearings on February 19 and March 25, 2013.  Arjuna T. Saraydarian (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) was the original sentencing judge on January 13, 2011.

Richard Fitzer, under appointment by the Court of Appeal, for Defendant and Respondent.

This is an appeal by the People following the trial court's order granting defendant and respondent Sergio Pena Acevedo's petition to recall defendant's sentence under the Three Strikes Reform Act of 2012, added by Proposition 36 (the Reform Act). (Pen. Code, § 1170.126.)[1] On appeal, the People contend that the trial court erred in finding defendant eligible for resentencing under the Reform Act because during the commission of the commitment offense, defendant was armed with a firearm. For the reasons explained below, we will reverse and remand the matter to allow the trial court to conduct an adequate inquiry of the record of conviction.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On November 24, 2009, California Highway Patrol Officer William Strom was on routine patrol on Interstate Highway 10 when he observed a vehicle drifting or weaving between lanes and driving at varying speeds. Officer Strom activated his patrol car's

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background of the underlying offense is taken from this court's nonpublished opinion in defendant's prior appeal following his current convictions. (See *People v. Acevedo* (Nov. 10, 2011, E052818) [nonpub. opn.].)

emergency lights and stopped the vehicle. Defendant was the driver and sole occupant of the vehicle.

After Officer Strom administered field sobriety tests on defendant, defendant was arrested for driving while under the influence of alcohol or drugs. During an inventory search prior to towing defendant's vehicle, the officer found a loaded .38-caliber revolver stuffed between the driver's seat and the vehicle's center console.

On April 7, 2010, an information was filed charging defendant with possession of a firearm by a felon (former § 12021, subd. (a)(1)); possession of ammunition by a felon (former § 12316, subd. (b)(1)); misdemeanor resisting arrest (§ 148, subd. (a)(1)); misdemeanor driving under the influence (Veh. Code, § 23152, subd. (a)); misdemeanor driving with a blood alcohol content over 0.08 (Veh. Code, § 23152, subd. (b)); and misdemeanor driving on a suspended license (Veh. Code, § 14601.1, subd. (a)). The information further alleged that defendant had suffered two prior serious and violent felony convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and four prior prison terms (§ 667.5, subd. (b)).

On December 13, 2010, a jury found defendant guilty of the felon in possession of a firearm and possession of ammunition charges. Defendant thereafter pled guilty to all of the misdemeanor charges. In a bifurcated proceeding, the trial court found the prior allegations to be true. On January 13, 2011, defendant was sentenced to a total determinate term of four years plus an indeterminate term of 25 years to life in state prison as follows: a term of 25 years to life for the felon in possession of a firearm, plus

3

one year for each of the four prior prison term allegations; defendant's sentence on the felon in possession of ammunition was stayed pursuant to section 654.

On November 6, 2012, the electorate passed Proposition 36, also known as the Reform Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).)

On December 4, 2012, defendant filed a petition for resentencing under section 1170.126. The People opposed the petition on the grounds that defendant was statutorily ineligible under the Reform Act. The People argued that defendant was ineligible because he was armed with a firearm during the commission of the crime and that defendant posed a risk to public safety.

4

The trial court heard the petition on February 19 and March 25, 2013. Initially, the trial court found that a conviction for felon in possession of a firearm under former section 12021 did not render defendant ineligible under the Reform Act. The court thereafter informed the People that "[i]f you're arguing to me, though, that although he pled to a 12021 that the particular facts are that he was armed with it during another crime, I would address those, because I think that may be going to the specific language of the statute, 'armed with a firearm.'" The prosecutor replied that defendant was pulled over for driving under the influence and had a gun in the car that was within his control and possession. The court responded, "Yeah, so I'll accept those facts. I'll rule against you today . . . the statute is pretty clear and it specifically itemizes a language of 'armed with while.' So that's why I'm comfortable that if he has it in the car while he's drunk, he may be stupid, but not 'armed with while.'"

On March 25, 2013, following argument from the parties, the trial court granted the petition, finding defendant eligible for resentencing under section 1170.126. The court thereafter resentenced defendant to the upper term of six years for felon in possession of a firearm, plus four one-year terms for the four prior prison term enhancements, for a total aggregate term of 10 years; defendant's sentence for felon in possession of ammunition was stayed pursuant to section 654.

The People timely filed an appeal on April 15, 2013.[3]

---

[3] The appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not

*[footnote continued on next page]*

II

DISCUSSION

The People argue that defendant was statutorily ineligible under the plain language of the Reform Act, because defendant "was armed with a firearm during the commission of his commitment offense." (§ 667, subd. (e)(2)(C)(iii).) The People also assert that the provisions of section 1170.126 do not contain a pleading and proof requirement to render defendant ineligible to petition for resentencing.

Defendant responds that his conviction for felon in possession of a firearm does not, in and of itself, constitute a disqualifying factor, because the arming must occur during the commission of a separate, "tethering" felony. Defendant further asserts that the trial court did not base its finding of eligibility on the lack of a firearm enhancement and/or because the People failed to plead and prove he was armed with a firearm.

A.      *Principles of Statutory Interpretation*

Statutory interpretation is a question of law. (*Reno v. Baird* (1998) 18 Cal.4th 640, 660.) Consequently, appellate courts apply their independent judgment when

---

*[footnote continued from previous page]*
appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].) Even if we were to conclude it was a nonappealable order, we could, in the interest of judicial economy and because of uncertainty in the law, treat the People's appeal as a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will review the People's appeal.

interpreting a legislative act.  (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699.)

"Thus, the first step in statutory construction is to examine the statutory language and give it a plain and commonsense meaning."  (*People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1414.)  In other words, "We must give the statutory provisions at issue a reasonable and common sense interpretation, consistent with the apparent purpose and intention of the Legislature.  If possible, we will give significance to the plain meaning of every word, phrase, and sentence of a statute in pursuance of the legislative purpose, harmonizing the various parts of an enactment by considering each particular clause or section in the context of the statutory framework as a whole.  In this process, we must take into account the context, object, and history of the legislation, as well as public policy and contemporaneous construction in our attempt to arrive at a construction that is practical rather than technical in nature.  [Citations.]"  (*In re Rochelle B.* (1996) 49 Cal.App.4th 1212, 1216; see *People v. Zambia* (2011) 51 Cal.4th 965, 972.)

"If the meaning of the statute remains unclear after examination of both the statute's plain language and its legislative history, then we proceed to the third and final step of the interpretive process.  We apply 'reason, practicality, and common sense to the language at hand.'  [Citation.]  The words of the statute should be interpreted 'to make them workable and reasonable.'  [Citation.]"  (*People v. Verduzco*, *supra*, 210 Cal.App.4th at p. 1414.)

B.      *The Reform Act*

In approving the Reform Act, the voters found and declared that its purpose was to prevent the early release of dangerous criminals and relieve prison overcrowding by allowing low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession, to receive twice the normal sentence instead of a life sentence.  (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105; see Historical and Statutory Notes, 49 West's Ann. Pen. Code (2014 supp.) foll. § 667, pp. 40-41.)[4]  The electorate also approved a mandate that the Reform Act be liberally construed to effectuate the protection of the health, safety, and welfare of the People of California.  (Voter Information Guide, *supra*, text of Prop. 36, § 7, p. 110.)  Accordingly, we liberally construe the provisions of the Reform Act in order to effectuate its foregoing purposes.

The Reform Act amended the three strikes statutes (§§ 667, 1170.12) to require that before a defendant may be sentenced to an indeterminate life term in prison under the Three Strikes law, the new felony (the commitment offense) must generally qualify as a serious or violent felony.  (§§ 667, subd. (e)(2)(A), (C), 1170.12, subd. (c)(2)(A), (C).)  An exception to this general rule exists, among others, where the prosecution has *pled and proved* the defendant used a firearm in the commission of the current offense, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to

---

[4] We take judicial notice of the Official Voter Information Guide for the California General Election of November 6, 2012, relating to the Reform Act.  (See Evid. Code, §§ 452 & 459.)

8

another (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)). If the prosecution pleads and proves this exception exists, the defendant must be sentenced under the Three Strikes law. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.) There is no dispute here that sections 667 and 1170.12 explicitly reserved life sentences for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor.

The Reform Act also created a post-conviction release proceeding by adding section 1170.126. Section 1170.126 applies exclusively to those "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Under section 1170.126, "a prisoner who is serving an indeterminate life sentence imposed pursuant to the [T]hree [S]trikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 168.)

Defendant's current commitment felony offenses of felon in possession of a firearm and felon in possession of ammunition are not serious or violent felonies under section 667.5, subdivision (c), or section 1192.7, subdivision (c). However, the inquiry does not end with whether or not the current conviction is a serious or violent felony. An

9

inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and none of the enumerated factors* disqualifying a defendant for resentencing under Proposition 36 apply.  (§ 1170.126, subd. (e).)

Section 1170.126, subdivision (e)(2), provides, as pertinent here, that a defendant is eligible for resentencing if "[t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).)  Being armed with a firearm during the commission of a current offense is listed in section 667, subdivision (e)(2)(C)(iii), and section 1170.12, subdivision (c)(2)(C)(iii).[5]  Here, as the parties correctly acknowledge, only the second resentencing eligibility criterion set forth in section 1170.126, subdivision (e)(2), is at issue in this

---

[5]  Section 667, subdivision (e)(2)(C)(iii), provides:  "[(e)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (e) unless the prosecution pleads and proves any of the following:  [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant . . . was armed with a firearm . . . .*"  (Italics added.)

Section 1170.12, subdivision (c)(2)(C)(iii), provides:  "[(c)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a felony described in paragraph (1) of subdivision (b) of this section, the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (c) of this section, unless the prosecution pleads and proves any of the following:  [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant . . . was armed with a firearm . . . .*"  (Italics added.)

appeal.[6]  Under the plain language of the armed-with-a-firearm exclusion, defendant is ineligible for resentencing relief as a second strike offender if his life sentence was "imposed" because "[d]uring the commission of the current offense, [he] . . . was armed with a firearm."  (§§ 667, subd. (e)(2)(C)(iii) & 1170.12, subd. (c)(2)(C)(iii), both cross-referenced in § 1170.126, subd. (e)(2).)

C.    *"Armed With a Firearm"*

The Reform Act does not define "armed with a firearm."  However, the Penal Code provides definitions to distinguish between arming and use.[7]  Section 1203.06, subdivision (b)(3), defines "armed with a firearm" as "to knowingly carry or have available for use a firearm as a means of offense or defense."  Section 1203.06, subdivision (b)(2), defines "used a firearm" as meaning "to display a firearm in a menacing manner, to intentionally fire it, to intentionally strike or hit a human being with it, or to use it in any manner that qualifies under Section 12022.5."[8]  (See CALCRIM

---

[6]  The first resentencing eligibility criterion set forth in section 1170.126, subdivision (e)(1), is met because defendant is serving an indeterminate life sentence for crimes that (as noted, *ante* ) are not serious or violent felonies.  Neither party raises any issue regarding the third criterion set forth in section 1170.126, subdivision (e)(3), and, thus, we shall not discuss it further.

[7]  In sections 12022 and 12022.5, the Legislature drew a distinction between *armed* with a firearm in the commission of a felony and *using* a firearm in the commission of a felony, and it made firearm *use* subject to more severe penalties.  (*People v. Bland* (1995) 10 Cal.4th 991, 996-997 (*Bland*).)

[8]  Section 12022.5, subdivision (a), provides in pertinent part:  "[A]ny person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense."

No. 3146 [adopts the statutory definition for "use of a firearm"]; *People v. Wims* (1995) 10 Cal.4th 293, 302 [noting the definition in the standard jury instruction for "use" was adapted from the statutory definition].)

The lead case construing the language of "armed with a firearm" and addressing the definition of arming for purposes of former section 12022 is *Bland*, *supra*, 10 Cal.4th 991. In *Bland*, our Supreme Court, contrasting *arming* with *use* of a firearm, explained that former section 12022, which imposed an additional prison term for anyone "armed with a firearm in the commission" of a felony, applied where "the defendant has the specified weapon available for use, either offensively or defensively." (*Id*. at p. 997.) The court explained: "[T]he statutory language 'in the commission of a felony' mean[s] any time during and in furtherance of the felony. Therefore . . . [a] sentence enhancement for being 'armed' with an assault weapon applies whenever during the commission of the underlying felony the defendant had an assault weapon available for use in the furtherance of that felony. [Citation.]" (*Id*. at p. 1001, italics omitted.) "[B]y specifying that the added penalty applies only if the defendant is armed with a firearm 'in the commission' of the felony offense, section 12022 implicitly requires both that the 'arming' take place *during* the underlying crime and that it have some '*facilitative nexus*' to that offense." (*Bland*, at p. 1002.)

The Supreme Court has subsequently reiterated *Bland's* holding that the *arming* under section 12022 must have occurred both *during the commission* of the underlying crime and have a facilitative nexus to the crime. (*In re Tameka C.* (2000) 22 Cal.4th 190,

12

197.) And, most recently, in *People v. Pitto* (2008) 43 Cal.4th 228, in refusing to overrule *Bland*, the court agreed with the defendant's contention that "*Bland* appears to have adopted a 'facilitative nexus' test and embraced a 'purpose and effect' standard." (*Id.* at p. 239.)

"The statutory elements of a violation of section 12021, subdivision (a)(1) . . . are that a person, who has previously been convicted of a felony, had in his or her *possession* or under his or her custody or control any firearm." (*People v. Padilla* (2002) 98 Cal.App.4th 127, 138, italics added.) Although the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual *physical* possession of a firearm, such an act is not an essential element of a violation of section 12021, subdivision (a), because a conviction of this offense may also be based on a defendant's constructive possession of a firearm. (See *People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417 (*Sifuentes*); *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272 [defendant need not physically have the weapon on his person; constructive possession of a firearm "is established by showing a knowing exercise of dominion and control" over it].) "To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person." (*Sifuentes*, *supra*, at p. 1417.) Hence, while the act of being armed with a firearm—that is, having ready access to a firearm (*Bland*, *supra*, 10 Cal.4th at p. 997)—necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it.

13

As the court in *In re Pritchett* (1994) 26 Cal.App.4th 1754 explained:  "Possession was complete without use of the shotgun.  In addition to possessing it, he did use it, but using it as a club in no way furthered the crime of possession.  [¶]  At most, [the defendant] used the shotgun as an instrument of possession, or made 'possessory use' of the shotgun, in the commission of his crime of [felon in] possession.  However, if possessory use is a legally cognizable concept, it does not support a use enhancement because possessory use is an element of the crime of possession of a deadly weapon." (*Id*. at p. 1757.)

Defendant argues that he could not be armed with a firearm during the commission of his possession of that firearm, because the language "during the commission of the current offense" in the Reform Act requires an additional tethering offense to trigger that exclusion provision.  Defendant further maintains that "[n]o defendant convicted of the stand-alone offense of possession of a firearm under section 12021, subdivision (a) has ever been found to have been 'armed' in the course of that crime."  We reject defendant's arguments.

Where the record establishes that a defendant convicted of possession of a firearm by a felon was armed with the firearm, i.e., he had a firearm capable for ready use, during the commission of that offense, the armed-with-a-firearm exclusion applies and the defendant is not entitled to resentencing relief under the Reform Act.  We therefore rejected defendant's argument that the plain language of the armed-with-a-firearm

14

exclusion requires that the arming be anchored or tethered to an offense which does not include possession.

Here, the record does not contain the accusatory pleading. It is therefore unknown whether defendant was charged with being armed with a firearm during the commission of his current commitment offenses.[9] And, the record on appeal does not contain the trial evidence regarding the factual circumstances of the crime. However, based on this court's unpublished opinion in defendant's prior underlying appeal, it appears that the prosecution's case was based on evidence that defendant only possessed the firearm, either physically or constructively. There is no evidence in this record to show that defendant was armed with the firearm during his commission of the current offenses, i.e., that he had ready access to the firearm. Specifically, based on this court's prior opinion and the People's opposition to defendant's petition to recall sentence, the record establishes that defendant had a firearm "in [his] possession or under [his] custody or control." (*Bland*, *supra*, 10 Cal.4th at p. 997.) But, the record does not demonstrate that defendant had actual physical possession of the firearm or ready access to that firearm.

_____

[9] Arguably, the prosecution could have charged a firearm enhancement under section 12022, subdivision (a) (armed with a firearm in the commission of a felony), or section 12022.5, subdivision (a) (personal use of a firearm in the commission of a felony). There is, however, authority that suggests that such enhancement allegations would have been improper. (See, e.g., *In re Pritchett*, *supra*, 26 Cal.App.4th at p. 1757 [firearm use enhancement to crime of possession of short-barreled shotgun stricken because although shotgun was used during the defendant's possession of the gun, it was not used "'in the commission'" of his crime of possession]; *People v. Arzate* (2003) 114 Cal.App.4th 390, 400-401 [gun use enhancement stricken because such use was "not committed in the commission of the static offense of carrying a concealed weapon in a vehicle." (Italics omitted.)].)

Defendant's exact arguments were recently rejected by our colleagues in *People v. White* (2014) 223 Cal.App.4th 512, 522-524 (*White*) (review den. Apr. 30, 2014, S217030 [Fourth Dist., Div. One].)  *White* deemed it appropriate for the court to look beyond the crime for which defendant had been sentenced to determine whether the "armed-with-a-firearm" exception to resentencing applied.  (*Id*. at p. 523.)  There, the defendant had been convicted and sentenced as a felon in possession of a firearm.  The court recognized that "possession of a firearm does not necessarily require that the possessor be armed with it" (*id*. at p. 524), but affirmed the denial of resentencing because "the record of conviction establishes that the applicable resentencing eligibility criterion set forth in section 1170.126[, subdivision] (e)(2) is not satisfied, and, thus, [the defendant] is ineligible for resentencing relief."  (*Id*. at p. 524.)

The trial evidence in *White* showed that the prosecution's case was not based on the theory that White was guilty of possession of a firearm by a felon because he had constructive possession of the firearm; it was based on the theory that he was guilty of that offense because he had *actual physical* possession of the firearm.  (*White*, *supra*, 223 Cal.App.4th at p. 525.)  The court noted:  "The trial evidence shows the police officers conducting a surveillance of White's residence saw White walking towards his pickup truck and carrying a rolled-up cloth (sweatpants) with an object inside.  The officers believed White might be armed, and when they moved towards him and drew their guns, White began to run, reached inside the rolled-up sweatpants he was carrying, and soon thereafter threw both the sweatpants and the object inside the sweatpants into the bed of

16

his truck. The officers arrested White and found that the object he had thrown into the truck bed was a loaded .357-magnum revolver. [¶] Furthermore, the record shows White asserted in a pretrial motion that the object he threw into the back of his truck was 'a hand gun in a holster rolled up inside' the sweatpants. Also, White's counsel stipulated during his closing argument at trial that White had been armed." (*Ibid*.)

The record here does not show the prosecution's case was based on evidence that defendant not only possessed the firearm, but also that he was armed with the firearm during his commission of the current offense. We will therefore remand the matter to allow the trial court to examine the evidence adduced at trial to determine whether the prosecution's case was based on the theory that defendant was guilty of possession of a firearm by a felon because he had actual physical possession of the firearm or had ready access to that firearm.

D.    "*Plead and Prove*" Requirement

The People also argue that the plain language of section 667, subdivision (e)(2)(C)(iii), does not require a firearm enhancement. The People further contend that the resentencing provisions of section 1170.126 do not contain a pleading and proof requirement. However, as defendant points out, in making its eligibility determination, the trial court never stated that the People had failed to allege a firearm enhancement or failed to plead and prove defendant was armed with a firearm as a basis for its ruling. In addition, defense counsel never made such arguments in the court below or in this court. As such, we need not address these claims.

17

In sum, we conclude that, where the trial record establishes the prosecution's case was based on the theory a defendant convicted of possession of a firearm by a felon was physically armed with the firearm or had ready access to that firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and, thus, a defendant is not entitled to resentencing relief under the Reform Act.

We will reverse the order granting defendant's petition for a recall of his life sentence and for resentencing as a second strike offender under the Reform Act, and remand the matter to allow the trial court to conduct an adequate inquiry of the trial record to determine whether defendant was physically armed with the firearm.

III

DISPOSITION

The judgment is reversed and remanded with directions in accordance with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ  
P. J.

We concur:


KING  
J.


MILLER  
J.

18