Filed 8/20/14  P. v. Lewis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E058643 |
| v. | (Super.Ct.No. RIF096243) |
| ANTHONY LEE LEWIS, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Reversed with directions.

Paul E. Zellerbach, District Attorney, Emily R. Hanks, Deputy District Attorney,

for Plaintiff and Appellant.

Mark L. Christiansen, under appointment by the Court of Appeal, for Defendant

and Respondent.

This is plaintiff and appellant the People's appeal from the superior court's order

granting defendant and respondent Anthony Lee Lewis's petition for recall of sentence

1

under Proposition 36 (Pen. Code, § 1170.126).[1] The People argue defendant was "armed" with a firearm during the commission of the commitment offense—being a felon in possession of a firearm (former § 12021, subd. (a)(1))—and thus was ineligible for resentencing. As discussed below, the record on appeal does not contain the accusatory pleading or the trial transcript, and so we cannot determine with certainty whether the conviction was based on defendant being armed with the firearm he was convicted of possessing. For this reason, we reverse and remand with directions to allow the trial court to examine the evidence adduced at trial to determine and state on the record whether the prosecution's case was based on the theory that defendant was guilty of possession of a firearm by a felon because he had possession of a firearm that was capable of offensive or defensive use. The trial court shall then act on defendant's resentencing petition in a manner consistent with this opinion.

---

[1] All section references are to the Penal Code unless otherwise indicated.

## FACTS[2] AND PROCEDURE

On August 30, 2001, the People filed an information charging defendant in count 1 with robbery (§ 211); in count 2 with first degree burglary (§ 459); in count 3 with assault with a firearm (§ 245, subd. (a)(2)); in count 4 with felony child abuse (§ 273a, subd. (a)); and in count 5 with being a felon in possession of a firearm. Defendant had two prior convictions under the "Three Strikes" law.

On November 30, 2001, a jury convicted defendant in counts 2 and 4 of the lesser included crimes of misdemeanor assault (§ 240) and misdemeanor child endangerment (§ 273a, subd. (b)). The jury was unable to reach a verdict on charges of robbery (§ 211) and first degree burglary (§ 459). The jury did convict defendant, as charged, of being a felon in possession of a firearm. On April 5, 2002, the trial court sentenced defendant

---

[2] The parties disagree regarding the facts underlying the charges and convictions; these facts are not conclusively set forth in the record on appeal—hence the disposition. The People's rendering of these facts can be found in their opening brief in this appeal, in the People's opposition to defendant's petition for resentencing, filed March 6, 2013, as well as the People's supplemental opposition filed April 25, 2013. These last two pleadings are contained in the clerk's transcript in this appeal. The People's brief and the pleadings below depict defendant and a codefendant entering the victim's home and demanding money at gunpoint. The People describe defendant as pointing a firearm at the victim, forcing her into the bedroom, and taking a large quantity of money while the codefendant remained with the other occupants of the home and physically restrained the victim's nine-year-old daughter. The People state that police recovered a loaded firearm from under defendant's mattress in a later search of his home. Defendant in his responsive brief objects to the People's factual statements as "unwarranted," "misleading," and "unsupported by proof and findings" and asks this court to disregard them. At the April 25, 2013, hearing on defendant's petition, the court stated the felony "was based on the officer finding the firearm later when they went to arrest him in his house. I believe it was under a bed or some hidden place separately from the crime itself."

under the Three Strikes law to 25 years to life for being a felon in possession of a firearm, as well as concurrent sentences for the misdemeanor convictions and a concurrent one-year sentence for a prior conviction.  (§ 667, subd. (e)(2)(A).)

On November 6, 2012, the electorate passed Proposition 36, also known as the "Three Strikes Reform Act" (Reform Act).  This ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the Three Strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second-striker.  (§ 1170.126, subd. (f).)  Prisoners must first be statutorily eligible to be considered for resentencing based on their criminal history and current commitment offense.  If a prisoner is statutorily eligible, the superior court can then exercise its discretion to determine whether the prisoner should be resentenced to a second-strike term.

Accordingly, defendant filed his petition for recall of sentence on December 3, 2012.  The People filed its opposition on March 6, 2013, in which it presented its statement of the facts of the crime.  The People conceded that defendant was statutorily eligible for discretionary resentencing, but argued the superior court should exercise its discretion to decline to resentence defendant because he poses an unreasonable risk of danger to public safety.  On March 8, 2013, defendant filed a memorandum summarizing his criminal history, accomplishments while in prison and factors supporting resentencing.  On April 25, 2013, defendant filed a brief on the issue of his eligibility for discretionary resentencing.  Also on that date the People filed a supplemental opposition,

4

for the first time taking the position that defendant is statutorily ineligible for resentencing because he was "armed with a firearm" in the course of the commitment offense—being a felon in possession of a firearm.

The court held a hearing on April 25, 2013. Initially, the court noted that defendant was not convicted of the robbery, burglary or assault with a firearm charges stemming from the incident described in the People's opposition and supplemental opposition. Rather, the jury convicted defendant of two misdemeanors. The court further noted that the felony commitment offense was based on "the officer finding the firearm later when they went to arrest him in his house. I believe it was under a bed or some hidden place separately from the crime itself. So I think for this particular case, we can say he wasn't armed or used a firearm at the time of the offense, at least no jury so found." The court stated it believed the People were required to have "pled and proved" that defendant was armed or used a firearm during the commitment offense. The court found that defendant was statutorily eligible for resentencing, and then granted him discretionary resentencing based on his overall history and track record while in custody. The court sentenced defendant to a total of seven years as follows: three years on the felon-in-possession charge, doubled to six years as a second strike, plus concurrent sentences on the misdemeanors and one-year consecutive for having served a prior prison term (§ 667). The court noted that defendant would be released "because he has been in much longer than that."

5

This appeal followed.[3]

**DISCUSSION**

The People contend defendant is statutorily ineligible to petition for a recall of his sentence because during the commission of the commitment offense he "was armed with a firearm" under section 1170.126, subdivision (e)(2). Specifically, the People argue the plain language of Proposition 36 does not require a firearm enhancement and further the statute does not require the People to plead and prove that defendant was armed with or used a firearm during the commitment offense.

A. *Principles of Statutory Interpretation*

Statutory interpretation is a question of law. (*Reno v. Baird* (1998) 18 Cal.4th 640, 660.) Consequently, appellate courts apply their independent judgment when interpreting a legislative act. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699.)

"Thus, the first step in statutory construction is to examine the statutory language and give it a plain and commonsense meaning." (*People v. Verduzco* (2012) 210

---

[3] The appealability of the *denial* of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].) Even if we were to conclude it was a nonappealable order, we could, in the interest of judicial economy and because of uncertainty in the law, treat the People's appeal as a petition for writ of mandate. (*Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will review the People's appeal.

6

Cal.App.4th 1406, 1414.)  In other words, "We must give the statutory provisions at issue a reasonable and common sense interpretation, consistent with the apparent purpose and intention of the Legislature.  If possible, we will give significance to the plain meaning of every word, phrase, and sentence of a statute in pursuance of the legislative purpose, harmonizing the various parts of an enactment by considering each particular clause or section in the context of the statutory framework as a whole.  In this process, we must take into account the context, object, and history of the legislation, as well as public policy and contemporaneous construction in our attempt to arrive at a construction that is practical rather than technical in nature.  [Citations.]"  (*In re Rochelle B.* (1996) 49 Cal.App.4th 1212, 1216; see also *People v. Zambia* (2011) 51 Cal.4th 965, 972.)

"If the meaning of the statute remains unclear after examination of both the statute's plain language and its legislative history, then we proceed to the third and final step of the interpretive process.  We apply 'reason, practicality, and common sense to the language at hand.'  [Citation.]  The words of the statute should be interpreted 'to make them workable and reasonable.'  [Citation.]"  (*People v. Verduzco*, *supra*, 210 Cal.App.4th at p. 1414.)

B.  *The Reform Act*

In approving the Reform Act, the voters found and declared that its purpose was to prevent the early release of dangerous criminals and relieve prison overcrowding by allowing low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession, to receive twice the normal sentence instead of a

7

life sentence.  (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105; see Historical and Statutory Notes, 49 West's Ann. Pen. Code (2014 supp.) foll. § 667, pp. 40-41.)  The electorate also approved a mandate that the Reform Act be liberally construed to effectuate the protection of the health, safety, and welfare of the People of California.  (Voter Information Guide, *supra*, text of Prop. 36, § 7, p. 110.)

The Reform Act amended the Three Strikes Statutes (§§ 667, 1170.12) to require that before a defendant may be sentenced to an indeterminate life term in prison under the Three Strikes law, the new felony (the commitment offense) must generally qualify as a serious or violent felony.  (§§ 667, subd. (e)(2)(A), (C), 1170.12, subd. (c)(2)(A), (C).)  An exception to this general rule exists, among others, where the prosecution has *pled and proved* the defendant used a firearm in the commission of the current offense, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)). If the prosecution pleads and proves this exception exists, the defendant must be sentenced under the Three Strikes law.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)  There is no dispute here that sections 667 and 1170.12 explicitly reserved life sentences for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor.

The Reform Act also created a post-conviction release proceeding by adding section 1170.126.  Section 1170.126 applies exclusively to those "persons

8

presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Under section 1170.126, "a prisoner who is serving an indeterminate life sentence imposed pursuant to the [T]hree [S]trikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 168.)

Defendant's current commitment felony offense of felon in possession of a firearm is not a serious or violent felony under section 667.5, subdivision (c), or section 1192.7, subdivision (c). However, the inquiry does not end with whether or not the current conviction is a serious or violent felony. An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and none of the enumerated factors* disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).)

Section 1170.126, subdivision (e)(2), provides, as pertinent here, that a defendant is eligible for resentencing if "[t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126,

9

subd. (e)(2).) Being armed with a firearm during the commission of a current offense is listed in section 667, subdivision (e)(2)(C)(iii), and section 1170.12, subdivision (c)(2)(C)(iii).[4] Here, as the parties correctly acknowledge, only the second resentencing eligibility criterion set forth in section 1170.126, subdivision (e)(2), is at issue in this appeal.[5] Under the plain language of the armed-with-a-firearm exclusion, defendant is ineligible for resentencing relief as a second strike offender if his life sentence was "imposed" because "[d]uring the commission of the current offense, [he] . . . was armed with a firearm." (§§ 667, subd. (e)(2)(C)(iii) & 1170.12, subd. (c)(2)(C)(iii), both cross-referenced in § 1170.126, subd. (e)(2).)

---

[4] Section 667, subdivision (e)(2)(C)(iii), provides: "[(e)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (e) unless the prosecution pleads and proves any of the following: [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant . . . was armed with a firearm . . . .*" (Italics added.)

Section 1170.12, subdivision (c)(2)(C)(iii), provides: "[(c)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a felony described in paragraph (1) of subdivision (b) of this section, the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (c) of this section, unless the prosecution pleads and proves any of the following: [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant . . . was armed with a firearm . . . .*" (Italics added.)

[5] The first resentencing eligibility criterion set forth in section 1170.126, subdivision (e)(1), is met because defendant is serving an indeterminate life sentence for crimes that (as noted, *ante* ) are not serious or violent felonies.

10

C. *"Armed With a Firearm"*

The Reform Act does not define "armed with a firearm." However, the Penal Code provides definitions to distinguish between arming and use.[6] Section 1203.06, subdivision (b)(3), defines "armed with a firearm" as "to knowingly carry or have available for use a firearm as a means of offense or defense." Section 1203.06, subdivision (b)(2), defines "used a firearm" as meaning "to display a firearm in a menacing manner, to intentionally fire it, to intentionally strike or hit a human being with it, or to use it in any manner that qualifies under Section 12022.5."[7] (See also CALCRIM No. 3146 [adopts the statutory definition for "use of a firearm"]; *People v. Wims* (1995) 10 Cal.4th 293, 302 [noting the definition in the standard jury instruction for "use" was adapted from the statutory definition].)

The lead case construing the language of "armed with a firearm" and addressing the definition of arming for purposes of former section 12022 is *Bland*, *supra*, 10 Cal.4th 991. In *Bland*, our Supreme Court, contrasting *arming* with *use* of a firearm, explained that former section 12022, which imposed an additional prison term for anyone "armed with a firearm in the commission" of a felony, applied where "the defendant has the

---

[6] In sections 12022 and 12022.5, the Legislature drew a distinction between *armed* with a firearm in the commission of a felony and *using* a firearm in the commission of a felony, and it made firearm *use* subject to more severe penalties. (*People v. Bland* (1995) 10 Cal.4th 991, 996-997 (*Bland*).)

[7] Section 12022.5, subdivision (a), provides in pertinent part: "[A]ny person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense."

11

specified weapon available for use, either offensively or defensively." (*Id*. at p. 997.)

The court explained: "[T]he statutory language 'in the commission of a felony' mean[s] any time during and in furtherance of the felony. Therefore . . . [a] sentence enhancement for being 'armed' with an assault weapon applies whenever during the commission of the underlying felony the defendant had an assault weapon available for use in the furtherance of that felony. [Citation.]" (*Id*. at p. 1001, italics omitted.) "[B]y specifying that the added penalty applies only if the defendant is armed with a firearm 'in the commission' of the felony offense, section 12022 implicitly requires both that the 'arming' take place *during* the underlying crime and that it have some '*facilitative nexus*' to that offense." (*Bland*, at p. 1002.)

The Supreme Court has subsequently reiterated *Bland's* holding that the *arming* under section 12022 must have occurred both *during the commission* of the underlying crime and have a facilitative nexus to the crime. (*In re Tameka C.* (2000) 22 Cal.4th 190, 197.) And, most recently, in *People v. Pitto* (2008) 43 Cal.4th 228, in refusing to overrule *Bland*, the court agreed with the defendant's contention that "*Bland* appears to have adopted a 'facilitative nexus' test and embraced a 'purpose and effect' standard." (*Id*. at p. 239.)

"The statutory elements of a violation of section 12021, subdivision (a)(1) . . . are that a person, who has previously been convicted of a felony, had in his or her *possession* or under his or her custody or control any firearm." (*People v. Padilla* (2002) 98 Cal.App.4th 127, 138, italics added.) Although the crime of possession of a firearm by a

felon may involve the act of personally carrying or being in actual *physical* possession of a firearm, such an act is not an essential element of a violation of section 12021, subdivision (a), because a conviction of this offense may also be based on a defendant's constructive possession of a firearm. (See *People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417 (*Sifuentes*); *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272 [defendant need not physically have the weapon on his person; constructive possession of a firearm "is established by showing a knowing exercise of dominion and control" over it].) "To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person." (*Sifuentes*, *supra*, at p. 1417.) Hence, while the act of being armed with a firearm—that is, having ready access to a firearm (*Bland*, *supra*, 10 Cal.4th at p. 997)—necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it.

As the court in *In re Pritchett* (1994) 26 Cal.App.4th 1754 explained: "Possession was complete without use of the shotgun. In addition to possessing it, he did use it, but using it as a club in no way furthered the crime of possession. [¶] At most, [the defendant] used the shotgun as an instrument of possession, or made 'possessory use' of the shotgun, in the commission of his crime of [felon in] possession. However, if possessory use is a legally cognizable concept, it does not support a use enhancement because possessory use is an element of the crime of possession of a deadly weapon." (*Id*. at p. 1757.)

13

Defendant argues that he could not be armed with a firearm during the commission of his possession of that firearm, because the language "during the commission of the current offense" in the Reform Act requires an additional tethering offense to trigger that exclusion provision. Defendant further maintains that "[n]o defendant convicted of the stand-alone offense of possession of a firearm under section 12021, subdivision (a) has ever been found to have been 'armed' in the course of that crime."

Where the record establishes that a defendant convicted of possession of a firearm by a felon was armed with the firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and the defendant is not entitled to resentencing relief under the Reform Act. We therefore reject defendant's argument that the plain language of the armed-with-a-firearm exclusion requires that the arming be anchored or tethered to an offense which does not include possession. Here, the record does not contain the accusatory pleading or the trial transcript. We cannot know with certainty, therefore, whether defendant was charged with being armed with a firearm during the commission of his current commitment offense—being a felon in possession of a firearm. And, the record on appeal does not contain the trial evidence regarding the factual circumstances of the crime. We do note that the trial court that considered defendant's resentencing petition conducted the hearing as if the felony conviction was based on the firearm being found under defendant's mattress when officers later searched his home. While we do

14

not doubt the trial court's reasons for so considering the basis of the felony conviction, these reasons do not appear in the record on appeal.

Defendant's exact arguments were recently rejected by our colleagues in *People v. White* (2014) 223 Cal.App.4th 512, 522 (*White*) (petn. for review denied Apr. 30, 2014 [Fourth Dist., Div. One].) *White* deemed it appropriate for the court to look beyond the crime for which defendant had been sentenced to determine whether the "armed-with-a-firearm" exception to resentencing applied. (*Id*. at p. 523.) There, the defendant had been convicted and sentenced as a felon in possession of a firearm. The court recognized that "possession of a firearm does not necessarily require that the possessor be armed with it" (*id*. at p. 524), but affirmed the denial of resentencing because "the record of conviction establishes that the applicable resentencing eligibility criterion set forth in section 1170.126[, subdivision] (e)(2) is not satisfied, and, thus, [the defendant] is ineligible for resentencing relief." (*Id*. at p. 524.)

The trial evidence in *White* showed that the prosecution's case was not based on the theory that White was guilty of possession of a firearm by a felon because he had constructive possession of the firearm; it was based on the theory that he was guilty of that offense because he had *actual physical* possession of the firearm. (*White*, *supra*, 223 Cal.App.4th at p. 525.) The court noted: "The trial evidence shows the police officers conducting a surveillance of White's residence saw White walking towards his pickup truck and carrying a rolled-up cloth (sweatpants) with an object inside. The officers believed White might be armed, and when they moved towards him and drew their guns,

15

White began to run, reached inside the rolled-up sweatpants he was carrying, and soon thereafter threw both the sweatpants and the object inside the sweatpants into the bed of his truck.  The officers arrested White and found that the object he had thrown into the truck bed was a loaded .357-magnum revolver.  [¶]  Furthermore, the record shows White asserted in a pretrial motion that the object he threw into the back of his truck was 'a hand gun in a holster rolled up inside' the sweatpants.  Also, White's counsel stipulated during his closing argument at trial that White had been armed."  (*Ibid*.)

There is no evidence in this record to show that defendant was armed with the firearm during his commission of the current offense, i.e., that he had ready access to the firearm during this offense.  The record here does not show the prosecution proved that defendant not only possessed the firearm, but also that he was armed with the firearm.  We will therefore remand the matter to allow the trial court to examine the evidence adduced at trial to determine and state on the record whether the evidence shows that defendant was guilty of possession of a firearm by a felon because he had actual physical possession of the firearm.

D.  *"Plead and Prove" Requirement*

The People argue that the resentencing provisions of section 1170.126 do not contain a pleading and proof requirement.

Section 667, subdivision (e)(2)(C), provides in pertinent part that, "[i]f a defendant has two or more prior serious and/or violent felony convictions . . . and the current offense is not a serious or violent felony, . . . *the defendant shall be sentenced*" (italics

added) as a second strike offender "unless the prosecution *pleads and proves*" (italics added) any of the four enumerated exceptions or exclusions set forth in clauses (i) through (iv) of section 667, subdivision (e)(2)(C). (See *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1293 (*Kaulick*).)

Section 1170.12, subdivision (c)(2)(C), similarly provides that, "[i]f a defendant has two or more prior serious and/or violent felony convictions . . . and the current offense is not a [serious or violent] felony . . . , *the defendant shall be sentenced*" (italics added) as a second strike offender "unless the prosecution *pleads and proves*" (italics added) any of the four enumerated exceptions or exclusions set forth in clauses (i) through (iv) of section 1170.12, subdivision (c)(2)(C). (See *Kaulick*, *supra*, 215 Cal.App.4th at p. 1293.)

In *White*, *supra,* 223 Cal.App.4th 512 the inmate claimed that the pleading and proof requirement set forth in both section 667, subdivision (e)(2)(C), and section 1170.12, subdivision (c)(2)(C), "'is incorporated into section 1170.126.'" (*White* at p. 526.) The *White* court rejected this claim, finding the inmate's reliance on the plead-and-prove language was unavailing for two principal reasons. (*Ibid*.) The court explained: "*First*, although section 1170.126[, subdivision] (e)(2) expressly cross-references 'sections clauses (i) to (iii), inclusive' of [sections] 667[, subdivision] (e)(2)(C) and 1170.12[, subdivision] (c)(2)(C), nothing in the language of section 1170.126[, subdivision] (e)(2) or of any of the other subdivisions of section 1170.126 governing an inmate's petition for resentencing relief under the Reform Act references

the plead-and-prove language. [¶] *Second*, what White refers to as the pleading and proof requirement plainly is a part of only the *prospective* part of the Reform Act, which governs the *sentencing of a defendant* with 'two or more prior serious and/or violent felony convictions' who has suffered a third felony conviction; it is *not* a part of section 1170.126, the *retrospective* part of the Reform Act that governs a petition for resentencing brought by an *inmate* already serving a life sentence under the Three Strikes law." (*White*, *supra*, 223 Cal.App.4th at pp. 526-527.)

The *White* court, quoting *Kaulick*, also explained that "'there are two parts to the [Reform Act]: the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (Pen. Code, §§ 667, 1170.12); the second part is *retrospective*, providing *similar*, but *not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (Pen. Code, § 1170.126).' [Citation.] The *Kaulick* court further explained that, 'under the prospective part of the [Reform Act], if the defendant's current third strike offense is not serious or violent, and none of four enumerated exceptions applies, the defendant "shall be" sentenced as if the defendant had only a single prior strike.' [Citation.]" (*White*, *supra*, 223 Cal.App.4th at p. 527, citing and quoting *Kaulick*, *supra*, 215 Cal.App.4th at pp. 1292-1293, fn. omitted.)

For the reasons explained in *White* and *Kaulick*, we conclude that the plead-and-prove language is not incorporated into section 1170.126.

In sum, we conclude that, where the record establishes the prosecution's case was based on the theory a defendant convicted of possession of a firearm by a felon used or was physically armed with the firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and, thus, a defendant is not entitled to resentencing relief under the Reform Act. We also hold that, in such a case, a trial court may deny section 1170.126 resentencing relief under the armed-with-a-firearm exclusion even if the accusatory pleading did not allege he or she used or was armed with a firearm during the commission of that possession offense.

## DISPOSITION

The judgment is reversed and remanded with directions to allow the trial court to examine the evidence adduced at trial to determine and state on the record whether the prosecution's case was based on the theory that defendant was guilty of possession of a firearm by a felon based on evidence consistent with this opinion. The trial court shall then act on defendant's resentencing petition in a manner consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

RICHLI
J.

MILLER
J.

19