Filed 10/30/14  Johnson v. Super. Ct. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| TYRONE DANIEL JOHNSON, | C073091 |
| Petitioner, | (Super. Ct. Nos. 97F06816 & 12HC00585) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

Convicted of being a convicted felon in possession of a firearm and sentenced under the "Three Strikes" law 15 years ago, petitioner Tyrone Daniel Johnson (defendant) recently filed a petition for resentencing under the Three Strikes Reform Act of 2012.  The trial court denied the petition because defendant was *armed* with a firearm when he *possessed* the firearm under the facts of this case.

1

Treating defendant's appeal from the denial of his petition for resentencing as a petition for writ of mandate, we conclude the trial court did not err. We hold that: (1) we need not decide whether the denial of a petition for resentencing is appealable because we treat the purported appeal as a petition for writ of mandate; (2) defendant's petition for resentencing was properly denied, even though defendant's felon-in-possession offense is not listed as one of the disqualifying offenses, because he was armed when he committed the offense, which is a disqualifying circumstance; and (3) defendant was not entitled to a hearing on his petition for resentencing at the initial screening phase.

We therefore deny the petition for writ of mandate.

## BACKGROUND

In 1999, defendant was convicted by jury of being a convicted felon in possession of a firearm in violation of Penal Code section 12021, subdivision (a). (Hereafter, unspecified code citations are to the Penal Code.) Because he had two prior robbery convictions, defendant was sentenced to an indeterminate term of 25 years to life under the Three Strikes law.

In November 2012, California voters passed Proposition 36, the Three Strikes Reform Act of 2012, which we refer to in this opinion as the Three Strikes Reform Act or, simply, the Act. The Act amended sections 667 and 1170.12 (relating to Three Strikes sentencing) and added section 1170.126 (relating to resentencing of defendants previously sentenced under the Three Strikes law). Among other things, the Act allows a defendant serving an indeterminate life term under the Three Strikes law to file a petition for resentencing. (§ 1170.126, subd. (b).)

This proceeding deals exclusively with the resentencing provisions of the Three Strikes Reform Act, found in section 1170.126. A defendant is not eligible for resentencing under the Act if the defendant's current conviction (here, the felon-in-possession conviction) involved any of the circumstances listed in section 667, subdivision (e)(2)(C)(i)-(iii) or section 1170.12, subdivision (c)(2)(C)(i)-(iii).

2

(§ 1170.126, subd. (e)(2).)  The circumstance in those lists that is relevant to this case is that "[d]uring the commission of the current offense, the defendant . . . was armed with a firearm . . . ."  (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).)

Section 1170.126 provides for three distinct and separate phases after a defendant petitions for resentencing.  First, the court conducts an initial review of the petition and the defendant's criminal records to determine whether the defendant satisfies the minimum requirements for resentencing under section 1170.126, subdivision (e) (the initial screening).  Second, if the petition demonstrates a prima facie basis for resentencing, the court conducts an evidentiary hearing to determine whether the defendant has, in fact, met all statutory requirements and whether resentencing of the defendant as a second-striker will pose an unreasonable risk of danger to public safety (the qualification hearing).  (§ 1170.126, subd. (f).)  And third, if the defendant is eligible for resentencing and resentencing does not pose an unreasonable risk of danger to public safety, the court conducts a new sentencing hearing (the resentencing).  (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1299 (*Kaulick*).)

In this case, the trial court denied defendant's petition for resentencing in the initial screening because the facts supporting his felon-in-possession offense established that he was armed with a firearm when he committed the offense.

Because of the trial court's reliance on the appellate opinion affirming defendant's conviction and because defendant asserts that such reliance was inappropriate, we quote the relevant part of the opinion (*People v. Johnson* (Aug. 31, 2001, C034325 [nonpub. opn.]) concerning the facts of defendant's offense:

"Defendant was charged with being a felon in possession of a firearm, driving under the influence of alcohol, and driving with a blood alcohol level of over .08 percent. The complaint further alleged that defendant had two prior convictions for robbery and a prior driving under the influence conviction.

"On July 23, 1997, at 7:45 p.m., Sacramento Police Officer Michael Iannone pulled over a black Mitsubishi Starion driven by defendant. Defendant's girlfriend, Billeen Pruett, was in the passenger seat. At that time, they were homeless and all of their possessions were in their car.

"Defendant identified himself to the officer. The officer discovered defendant had a suspended license. As a result, the officer asked defendant and Pruett to step out of the car.

"While Officer Iannone did not have a distinct recollection of ordering the people out of the car, his standard practice would have been to direct the driver to get out of the car and then the passenger. He testified that he was certain that he brought defendant out of the car first and Pruett out later. The officer did not observe Pruett make any furtive movements while she was in the car.

"Officer Iannone next conducted an inventory search of the car. Underneath the driver's front seat, he found a loaded nine millimeter firearm. There were no identifiable fingerprints on the gun. The officer also found some DMV paperwork in the car with the defendant's name on it.

"At trial, Pruett testified the car belonged to defendant and that she never drove it. The parties stipulated that the car was not registered to defendant.

"At the time they were pulled over, Pruett knew that there was a gun in the car because defendant had told her about it and showed it to her. Pruett said defendant had the gun most of the time she knew him. Pruett testified that the gun was not hers. Defendant and Pruett used the gun for protection because they lived on the streets and down by the river. Pruett also testified that she was being stalked by her ex-boyfriend, who also carried a gun.

"The People dismissed the allegation of the prior driving under the influence count. The jury found defendant guilty on all counts and found the allegations

4

concerning the two prior robbery convictions true.  On October 14, 1999, the court sentenced defendant to 25 years to life in prison."  (*People v. Johnson, supra,* C034325.)

In denying the petition for resentencing at the initial screening, the trial court stated, referring to the appellate opinion:  "This shows that defendant was 'armed' with the firearm he was convicted of possessing, at the time of his possession of the firearm. He was the driver of the car, and the firearm was loaded and available for his immediate use, right underneath his own seat in the car."

DISCUSSION

I

*Appealability*

This purports to be an appeal from the denial of the resentencing petition, and defendant argues that the order is appealable.  However, the appealability of an order denying a defendant's petition for resentencing under the Three Strikes Reform Act is currently under review in the California Supreme Court.  (See, e.g., *Teal v. Superior Court* (Second App. Dist., Div. Seven, Perluss, P. J., with Zelon and Segal, J.J., concurring), review granted July 31, 2013, S211708 [not appealable, but treated as petition for writ of mandate]; *People v. Hurtado* (Second App. Dist., Div. One, Mallano, P. J., with Rothschild, J., and Johnson, J., concurring), review granted July 31, 2013, S212017 [appealable]; *People v. Leggett* (Third App. Dist., Raye, P. J., with Robie and Murray, J.J., concurring), review granted Dec. 18, 2013, S214264 [appealable under some circumstances, not appealable under others].)

Since our opining either way will not resolve the appealability issue, we elect to treat the appeal as a petition for writ of mandate and reach the merits to promote judicial efficiency and expedite final resolution of defendant's petition without waiting for the Supreme Court to act.  (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401 [court has power to treat appeal as petition for writ of mandate under unusual circumstances]; *In re Martinez*,

5

review granted May 14, 2014, S216922 [treating appeal of denial of petition for resentencing as habeas corpus petition to avoid appealability issue].)

II

*Disqualification for Being Armed with a Firearm*

Defendant contends that the trial court improperly denied the petition for resentencing based on the fact that he was armed with a firearm during the commission of his felon-in-possession offense. He argues that: (1) the felon-in-possession offense is not one of the disqualifying offenses to which an arming enhancement may be attached; (2) no sentence was "imposed" for his arming; and (3) the court improperly relied on the statement of facts in the appellate opinion to support its factual finding that he was armed.

Some of these arguments were recently considered and rejected in *People v. White* (2014) 223 Cal.App.4th 512 (*White*). We also find no merit in the arguments.

A.    *Felon-in-Possession Not a Disqualifying Offense*

Defendant asserts that a court considering a petition for resentencing is precluded from finding the defendant was armed during the commission of the offense if the only current felony conviction was being a felon in possession. For this proposition, he relies on *People v. Bland* (1995) 10 Cal.4th 991 (*Bland*), which held that the arming enhancement under section 12022 "requires both that the 'arming' take place during the underlying crime and that it have some 'facilitative nexus' to that offense." (*Id*. at p. 1002, italics omitted.)

Possessing a firearm and being armed are not necessarily the same. One is armed with a firearm when it is available for offensive or defensive use. (*Bland, supra,* 10 Cal.4th at p. 997.) On the other hand, one may possess a firearm constructively without possessing it physically. (*White, supra,* 223 Cal.App.4th at p. 524.) Therefore, one may possess a firearm without being armed with the firearm because if it is possessed merely constructively it is not available for offensive or defensive use.

6

In *Bland*, police officers searched the defendant's house when he was detained in a police car outside the house. They found drugs and firearms in the same room. (*Bland, supra,* 10 Cal.4th at p. 995.) The court held that, even though the defendant was not present and armed at the time of the search, the factfinder could infer from the presence and proximity of the drugs and firearms that the defendant was armed when he committed the drug offenses. (*Id*. at pp. 1002-1003.) "[D]rug possession is a crime that continues throughout the time that the defendant has possession of the unlawful drugs." (*Id*. at p. 1001.) The court further held that the proximity of the drugs and firearm must be more than "accidental or coincidental." (*Id*. at p. 1003.) In this regard, the court said:

"Of course, contemporaneous possession of illegal drugs and a firearm will satisfy the statutory requirement of being 'armed with a firearm in the commission' of felony drug possession only if the evidence shows a nexus or link between the firearm and the drugs. The federal courts, in interpreting the federal counterpart to California's weapons enhancement law [citation], have described this link as a 'facilitative nexus' between the drugs and the gun. [Citation.] Under federal law, which imposes specified prison terms for using or carrying a firearm ' "during and in relation to" ' a crime of drug trafficking, 'the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement *cannot be the result of accident or coincidence*.' [Citation.] So too in California." (*Bland, supra,* 10 Cal.4th at p. 1002, original italics.)

Here, there was a close relationship between the felon-in-possession offense and the arming. They were mutually facilitative. He possessed the firearm so that he could be armed, and he was armed to facilitate his possession of the firearm. Defendant was armed for protection, which can be inferred was to maintain possession of his belongings, including the firearm. The arming with the firearm was no accident or coincidence in relation to the possession of the firearm.

Relying on *In re Pritchett* (1994) 26 Cal.App.4th 1754 (*Pritchett*), defendant asserts that one cannot be armed with a firearm in the commission of being a felon in

7

possession of a firearm. We disagree for two reasons: (1) as already discussed, the arming was something more than mere possession and facilitated that possession and (2) the holding in *Pritchett* appears to be contrary to the Supreme Court's holding in *Bland*.

In *Pritchett*, a convicted felon battered his former girlfriend with the barrel of a sawed-off shotgun. He was convicted of being a felon in possession of a firearm, and a personal use enhancement was added under section 12022.5, subdivision (a). (*Pritchett, supra,* 26 Cal.App.4th at p. 1755.) On the defendant's petition for writ of habeas corpus, however, the Court of Appeal, First Appellate District, Division Three (Merrill, J., with White, P. J., and Chin, J., concurring), held that the use enhancement was improper, not because the firearm was used as a club, but because defendant did not use the firearm when he came into possession of it. The *Pritchett* court reasoned:

" 'Use' in section 12022.5 means, among other things, ' "... ' "to carry out a purpose or action by means of," to "make instrumental to an end or process," and to "apply to advantage." ' " ' [Citation.] Defined somewhat differently, it may mean 'to avail oneself of' and 'to employ.' [Citation.] Although Pritchett used the shotgun as a club during his possession of it, he did not use it 'in the commission' of his crime of possession. Possession was complete without use of the shotgun. In addition to possessing it, he did use it, but using it as a club in no way furthered the crime of possession." (*Pritchett, supra,* 26 Cal.App.4th at p. 1757, italics & fn. omitted.)

Unlike the facts in *Pritchett*, defendant's arming here facilitated the possession, as discussed above. Therefore, *Pritchett* is distinguishable.

*Pritchett* also appears to be at odds with *Bland*, which was decided one year after *Pritchett*. The reasoning in *Pritchett* suggests that the relevant moment for whether the defendant used the firearm in the commission of his offense of being a felon in possession of a firearm was when he acquired the firearm. Yet *Bland* holds that such a

8

possession offense (drugs, in *Bland*) continues, and becoming armed during that continuing period of possession supports an arming enhancement.

Either way, whether we distinguish *Pritchett* or disagree with it based on Supreme Court precedent, it does not help defendant.

Finally, with respect to whether defendant was armed when he committed his felon-in-possession offense, defendant argues that "[n]o defendant convicted of the stand-alone offense of possession of a firearm pursuant to section 12021, subdivision (a) has ever been found to have been 'armed' in the commission of the crime." But that is beside the point. When a trial court is called upon by the Three Strikes Reform Act to consider the circumstances of a defendant's current conviction, it is not to retroactively add an arming enhancement. Instead, the Act calls upon the court to determine whether the current conviction was committed in a way that shows that the defendant is too dangerous to be sentenced more leniently. No statutory or constitutional principle impedes that determination, which was done properly here.

B.    *Sentence Imposed for Arming*

Subdivision (e)(2) of section 1170.126 allows resentencing if "[t]he inmate's current sentence was not imposed for any of the offenses appearing [in the cited statutes]." One of those statutory provisions, as we have discussed, does not identify specific offenses but, instead, identifies circumstances of the offense – that is, using a firearm, being armed with a firearm or deadly weapon, or intending to cause great bodily injury. (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).) In this case, defendant was armed with a firearm when he committed the felon-in-possession offense, and for that reason was found ineligible for resentencing.

Defendant asserts: "No sentence was ever 'imposed' on [defendant] for being armed with, or using, [a firearm] or intending to inflict great bodily injury. Instead, a sentence was imposed on [defendant] for simply being a felon in possession of a gun.

9

Consequently, the language of section 1170.126 precludes application of the disqualifying condition of being 'armed' to [defendant]."

Defendant's assertion fails because a sentence was imposed for the felon-in-possession offense and that offense disqualifies him from resentencing under the Three Strikes Reform Act because during the commission of that offense he was armed. The language disqualifying a defendant from resentencing if the current sentence was imposed for a specified offense includes all offenses during which a defendant was armed. (*White, supra,* 223 Cal.App.4th at p. 527.) Under the plain meaning of the Act, defendant was ineligible for resentencing based solely on the circumstances of his felon-in-possession offense. Nothing more was needed to establish his ineligibility.

C. *Reliance on Appellate Opinion*

Defendant argues that the trial court improperly relied on the facts in the appellate opinion (which resulted from his appeal of the current conviction) to determine whether defendant was armed during the commission of his felon-in-possession offense. To the contrary, the appellate opinion is part of the record of conviction which the court properly used in determining defendant's eligibility.

The factual determination of whether the felon-in-possession offense was committed under circumstances that disqualify defendant from resentencing under the Three Strikes Reform Act is analogous to the factual determination of whether a prior conviction was for a serious or violent felony under the Three Strikes law. Such factual determinations about prior convictions are made by the court based on the record of conviction. (See *People v. Guerrero* (1988) 44 Cal.3d 343, 355 [in determining *facts* underlying prior convictions, court may look to entire record of conviction].) And the appellate opinion is part of the record of conviction. (*People v. Woodell* (1998) 17 Cal.4th 448, 456.)

While we speak of the relevant conviction in this case (the felon-in-possession conviction) as the "current conviction" because defendant is still serving the

10

indeterminate state prison term for that conviction, it is a prior conviction in the sense that the judgment is final and this is a postconviction proceeding. The Three Strikes Reform Act, itself, states that the trial court's consideration of a petition for resentencing constitutes a " 'post-conviction release proceeding.' " (§ 1170.126, subd. (m).) Therefore, the court properly looked to the record of conviction, including the appellate opinion, in deciding whether defendant was armed with a firearm during the commission of his felon-in-possession offense.

Defendant also finds fault in the trial court's conclusion that he was armed when he committed his felon-in-possession offense because there was conflicting evidence. Conflicting evidence, however, does not cast doubt on the trial court's factual findings because we review factual findings for substantial evidence. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) Here, there was substantial evidence that defendant was armed.

Furthermore, the jury's finding that defendant possessed the firearm under the facts presented at trial in this case was tantamount to a finding that he was armed with the firearm because there was no factual scenario under which defendant could have been guilty of being in possession of the firearm found under his seat without it being available for offensive or defensive use. Therefore, considering the evidence presented at trial and the jury's verdict, a determination that defendant was armed during the offense is the only reasonable conclusion.

D.  *Conclusion*

We agree with the *White* court that (1) "where the record establishes that a defendant convicted under the pre-Proposition 36 version of the Three Strikes law as a third strike offender of possession of a firearm by a felon was armed with the firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and, thus, the defendant is not entitled to resentencing relief under the Reform Act," and (2) "in such a case, a trial court may deny section 1170.126 resentencing relief under the armed-with-a-firearm exclusion even if the accusatory pleading, under which the

11

defendant was charged and convicted of possession of a firearm by a felon, did not allege he or she was armed with a firearm during the commission of that possession offense." (*White, supra,* 223 Cal.App.4th at p. 527.)

III

*Right to Hearing*

Defendant contends that he had a right to a hearing in the trial court before the court denied his petition for resentencing. While he concedes that section 1170.126 does not provide expressly for a hearing at the initial screening, he claims he had a due process right to be present and to be heard. We disagree.

Due process guarantees a criminal defendant " 'the right to a fair opportunity to defend against the State's accusations.' " (*People v. Hansel* (1992) 1 Cal.4th 1211, 1219, quoting *Chambers v. Mississippi* (1973) 410 U.S. 284, 294 [35 L.Ed.2d 297, 308].) However, the state may prescribe the procedures under which its laws are carried out, and its decisions in this regard do not violate the due process clause unless they offend some fundamental principle of justice. (*People v. Frye* (1998) 18 Cal.4th 894, 968-969, disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 420-421.)

The Three Strikes Reform Act provides for a hearing if resentencing is appropriate. (See § 1170.126, subd. (m) ["resentencing hearing"].) And the defendant has a due process right to a hearing at the qualification phase where the trial court makes a discretionary decision concerning dangerousness. (*Kaulick, supra,* 215 Cal.App.4th at pp. 1299-1300.) But neither the statutory scheme nor the due process clause requires a hearing at the initial screening phase.

The petition for resentencing is similar to a petition for writ of habeas corpus, which is another postconviction proceeding. When a defendant files a petition for writ of habeas corpus, the trial court first reviews the petition to determine whether it establishes a prima facie case for relief. If it does not establish a prima facie case, the petitioner has

12

no right to a hearing on the petition. It can be denied summarily, which does not violate the petitioner's due process rights. (*People v. Duvall* (1995) 9 Cal.4th 464, 474-475.)

The same is true with a petition for resentencing. A defendant has no right to a hearing unless the initial screening of the petition and the defendant's record of criminal convictions supports relief. Defendant gives us no authoritative reason to deviate from this procedure in the name of due process rights.

In this case, the trial court considered defendant's petition for resentencing along with his record of conviction. That record of conviction included the appellate opinion which showed that defendant's conviction for being a felon in possession of a firearm was tantamount to a finding that he was armed with a firearm because the facts showed that the firearm the jury found defendant possessed was available for offensive or defensive use. On this record, summary denial of the petition for resentencing was proper and did not violate defendant's due process rights.

Defendant argues that we should treat the petition for resentencing as a sentencing hearing, at which a defendant has a due process right to be present and to be heard. He cites *People v. Rodriguez* (1998) 17 Cal.4th 253, which held that on remand after a reversal of the sentencing the defendant has a due process right to be present and to be heard at the new sentencing hearing. That case is easily distinguished because it dealt with a sentencing hearing at which the trial court would exercise its discretion in imposing the sentence. (*Id*. at pp. 258-260.) The petition for resentencing, on the other hand, is a postconviction proceeding during which a defendant may be given partial sentencing relief for a conviction already suffered, but only if the statute's requirements are met. Furthermore, at the initial screening, there is no discretion to be exercised by the trial court. Accordingly, *People v. Rodriguez* does not change our analysis.

The trial court properly denied defendant's petition for resentencing summarily – that is, without affording defendant an opportunity to be present and to be heard.

13

## DISPOSITION

The petition for writ of mandate is denied.

                                           NICHOLSON      , Acting P. J.

We concur:

        ROBIE            , J.

        HOCH             , J.