[No. A064555. First Dist., Div. Three. July 27, 1994.]

In re LARRY DALE PRITCHETT on Habeas Corpus.

## COUNSEL

Catherine Aragon, under appointment by the Court of Appeal, for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Martin S. Kaye, Deputy Attorneys General, for Respondent.

## OPINION

MERRILL, J.—Larry Dale Pritchett, claiming ineffective assistance of trial counsel, challenges a term enhancement under Penal Code section 12022.5,

subdivision (a).[1] The court added three years under that section for use of a firearm in the commission of the crime of possession of the same weapon, a short-barreled shotgun. (§ 12020, subd. (a).) We conclude the enhancement does not apply to this situation.

During an altercation, Pritchett took a sawed-off shotgun from a dresser drawer and lunged at his former girlfriend, striking her on the head with the barrel of the gun. He also hit her on the nose with his fist.

The original information charged Pritchett with felony possession of a short-barreled shotgun (§ 12020, subd. (a)) and felony assault with a deadly weapon (§ 245, subd. (a)(2)). Each charge was accompanied by an allegation of personal use of a firearm (§ 12022.5, subd. (a)). In response to a defense motion to dismiss the felony assault charge (§ 995), the People moved to amend the information to reduce it to a misdemeanor. The court granted the motion and struck the section 12022.5, subdivision (a) enhancement to the assault charge.

On August 12, 1992, the jury found Pritchett guilty on both counts and found the remaining firearm-use-enhancement allegation to be true. On August 24, 1992, the court sentenced Pritchett to the mitigated term of sixteen months on the felony possession charge, enhanced by three years for use of a firearm in the commission of the offense, concurrent with thirty days for the misdemeanor assault, for a total of four years, four months.

As we explained in *People* v. *Pritchett* (1993) 20 Cal.App.4th 190 [24 Cal.Rptr.2d 391], Pritchett's trial attorney mistakenly deferred filing a notice of appeal while counsel asked the court to recall the sentence pursuant to section 1170, subdivision (d). In *Pritchett*, we dismissed the subsequent appeal from a December 21, 1992, order purporting to recall and then reimpose the original sentence. We ruled that Pritchett could not extend the time for filing a notice of appeal by asking the court to "resentence him" to the same sentence he originally received. ▮▮▮ Thereafter, Pritchett filed this petition for writ of habeas corpus alleging counsel was ineffective for filing an untimely notice of appeal. Pritchett alleges prejudice because his appeal is meritorious and would lead to a reduction in the sentence and earlier release from prison.

The People respond that Pritchett has failed to prove prejudice because the sentence is legally correct. They adopt arguments they presented in response to the appeal.

Section 12022.5, subdivision (a), provides for additional punishment "of imprisonment in the state prison for three, four, or five years," for "any

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

person who personally uses a firearm in the commission or attempted commission of a felony" unless "use of a firearm is an element of the offense of which he or she was convicted."

When first enacted, the enhancement applied only to certain specified felonies, including assault with a deadly weapon, and could be imposed even when use of a weapon was an element of the offense. (Stats. 1969, ch. 954, § 1, pp. 1900-1901.) Legislation which took effect in 1977 expanded the scope of section 12022.5 to include all felonies, added a proviso excluding situations in which firearm use was an element of the offense, but stated that the enhancement could be imposed in cases of assault with a deadly weapon. (Stats. 1976, ch. 1139, § 305, p. 5162; Stats. 1977, ch. 165, § 92, p. 678.) The Legislature carried forward these features to the substantially amended current version of section 12022.5. (Stats. 1993, ch. 611, § 31.5.)

The People argue that by lifting the limitation to specific felonies, the Legislature authorized section 12022.5, subdivision (a), enhancement for felony possession of a weapon under section 12020. They assert that use of a firearm is not an element of possessing a short-barreled shotgun and that Pritchett personally used the shotgun to strike the victim on the head. They say Pritchett used the shotgun "in the commission of" possessing it, which brings him within the literal proscription of the statute.

We disagree. ■ "Use" in section 12022.5 means, among other things, " ' . . . " 'to carry out a purpose or action by means of,' to 'make instrumental to an end or process,' and to 'apply to advantage.' " ' " (*People* v. *King* (1993) 5 Cal.4th 59, 71 [19 Cal.Rptr.2d 233, 851 P.2d 27], quoting *In re Culbreth* (1976) 17 Cal.3d 330, 334 [130 Cal.Rptr. 719, 551 P.2d 23].) Defined somewhat differently, it may mean "to avail oneself of" and "to employ." (Webster's New Internat. Dict. (3d ed. 1970) p. 2523.) ■ Although Pritchett used the shotgun as a club *during* his possession of it, he did not use it "in the commission" of his crime of possession. Possession was complete without use of the shotgun. In addition to possessing it, he did use it, but using it as a club in no way furthered the crime of possession.[2]

At most, Pritchett used the shotgun as an instrument of possession, or made "possessory use" of the shotgun, in the commission of his crime of possession. However, if possessory use is a legally cognizable concept, it does not support a use enhancement because possessory use is an element of the crime of possession of a deadly weapon.

---

[2]Although Pritchett's use of the shotgun as a club may have constituted use in the commission of an assault (see *People* v. *Hopkins* (1985) 167 Cal.App.3d 110, 119 [212 Cal.Rptr. 888]; *People* v. *Walls* (1978) 85 Cal.App.3d 447, 454 [149 Cal.Rptr. 460]), section 12022.5, subdivision (a), enhances only felonies. The trial court struck the firearm-use enhancement when it reduced the assault charge to a misdemeanor.

The petition for writ of habeas corpus is granted. The sentence imposed by the superior court is vacated. The superior court is directed to strike the firearm-use enhancement. The superior court shall then resentence the petitioner, Larry Dale Pritchett, on the felony conviction for possession of a short-barreled shotgun (§ 12020, subd. (a)), and the misdemeanor conviction on the assault charge (§ 245, subd. (a)(1)).

White, P. J., and Chin, J., concurred.