Filed 12/10/13  P. v. Ramirez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056794 |
| v. | (Super.Ct.No. SWF10001660) |
| JOHNNY LOUIS RAMIREZ, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elisabeth Sichel, Judge. Affirmed with directions.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Steve Oetting and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

Defendant and appellant Johnny Louis Ramirez had two strike priors when he was sentenced in July 2012 for being convicted of (among other crimes) two counts of being a felon in possession of a firearm. That crime is not a serious or violent felony within the meaning of the "Three Strikes" law. Pursuant to that law, defendant's sentence for each of these counts was an indeterminate term of 25 years to life.

While his appeal was pending, California voters passed Proposition 36, the Three Strikes Reform Act of 2012 (the Reform Act). Under the Reform Act, the sentence for committing a nonserious, nonviolent felony by one who has two strike priors is no longer an indeterminate life term—unless the prosecution pleads and proves certain additional facts. (Pen. Code, § 667, subd. (e)(2)(C).)[1] When this provision applies, the lesser sentence is mandatory. (§ 667, subd. (e)(2)(C).) In addition, eligible persons presently serving an indeterminate life term under the Three Strikes law can petition to have their sentence recalled and be resentenced to a lesser term so long as they do not pose an unreasonable risk of danger to public safety. (§ 1170.126.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. The Three Strikes law is codified in substantially identical language in two places: in section 667, subdivisions (b) through (i) and in section 1170.12. The Reform Act amended both statutes in substantially identical ways. For convenience, we will refer solely to the provisions of section 667 in discussing the Three Strikes law and the Reform Act, omitting reference to the substantially identical provisions of section 1170.12. However, the analysis applies to both sections 667 and 1170.12.

Defendant contends he is entitled to be resentenced under the mandatory sentencing provision of the Reform Act.[2] For the reasons set forth below, we reject this argument.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The parties stipulated at trial that defendant was a convicted felon for purposes of the crime of being a felon in possession of a firearm when the following events took place.

On July 23, 2010, defendant was sitting outside a donut store when two men pulled up in a car. The passenger in the car tried to lower the car window to speak to defendant. Defendant pulled a sawed-off shotgun out from underneath a sweater and shot at the car. The driver sped away as shotgun pellets hit the car. He stopped in a nearby alley because the car had a flat tire. Defendant walked into the alley with the shotgun. The passenger got out of the car and ran toward a friend's house nearby. As the driver drove away he saw defendant point the gun at the passenger and heard a gunshot.[3]

---

[2] The California Supreme Court is currently considering the issue whether the Reform Act applies retroactively to a defendant who was sentenced before the Reform Act's effective date but whose judgment is not yet final. (*People v. Conley* (2013) 215 Cal.App.4th 1482, review granted Aug. 14, 2013, S211275; *People v. Lewis* (2013) 216 Cal.App.4th 468 [Fourth Dist., Div. Two], review granted Aug. 14, 2013, S211494.)

[3] These facts are based upon the testimony of the driver of the car. The passenger of the car testified that he thought the car had a flat tire, but had no knowledge of any shooting or that defendant was involved in any way. The convictions indicate the jury believed the driver, not the passenger.

On August 5, 2010, the police detained defendant in the carport of a residence. There was a coffee table two or three feet away from defendant. A sawed-off shotgun and a revolver were on top of the coffee table.

Based on the events of July 23, 2010, defendant was convicted of the following crimes: attempted voluntary manslaughter (a lesser offense of the charged crime of attempted murder) (count 1; §§ 664, 192, subd. (a)); three counts of assault with a firearm (counts 3, 4, & 6; § 245, subd. (a)(2)); discharging a firearm at an occupied motor vehicle (count 5; § 246); being a felon in possession of a firearm (count 7; former § 12021, subd. (a)(1)),[4] and carrying a loaded firearm (count 8; § 12031, subd. (a)(1)). Allegations that defendant personally used a firearm in the commission of counts 1 and 3 through 6 were found true. (§§ 667, 12022.5, subd. (a).)

Defendant was also convicted of a second count of being a felon in possession of a firearm based upon the events of August 5, 2010. (Count 9; § 12021, subd. (a)(1).)

No firearm enhancement was alleged as to the charges of being a felon in possession of a firearm (counts 7 & 9).

In a bifurcated proceeding, the court found true allegations that defendant had committed two prior serious felonies (assault with a deadly weapon and attempted arson), which constituted strikes for purposes of the Three Strikes law.

---

**4** Former section 12021, subdivision (a) has been recodified as section 29800, subdivision (a).

4

On July 20, 2012, the court sentenced defendant to a determinate term of 40 years and an indeterminate term of 125 years to life. The indeterminate term was calculated based upon terms of 25 years to life under the Three Strikes law for each of counts 1, 4, 6, 7, and 9.

Defendant filed a notice of appeal on July 25, 2012.

On November 6, 2012, while his appeal was pending, California voters passed the Reform Act. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 169.) It became effective the next day. (*Ibid*.)

In this appeal, defendant asserts he is entitled to be resentenced as to counts 7 and 9—the two counts of being a felon in possession of a firearm. He is not requesting resentencing as to other counts.

III. DISCUSSION

A. *Defendant is Not Entitled to Automatic Resentencing Under Section 667, Subdivision (e)(2)(C)*

 1. <u>Legal Background Regarding the Reform Act</u>

Under the Three Strikes law as it existed when defendant was charged, tried, and sentenced, a defendant with two or more strike priors who was convicted of any felony would receive an indeterminate life sentence with a minimum term of 25 years. (Former § 667, subd. (e)(2)(A).) The Reform Act added subdivision (e)(2)(C) to section 667. This subdivision provides that a defendant with two or more strike priors who is convicted of an offense that is not a serious or violent felony will be sentenced as a one

5

strike offender unless certain disqualifying facts are pleaded and proved.[5] (§ 667, subd.

(e)(2)(C).) Among the facts that will disqualify an otherwise eligible defendant from the

lesser sentence is the fact that "[d]uring the commission of the current offense, the

---

[5] Section 667, subdivision (e)(2)(C) provides that second strike sentencing does not apply if the prosecution pleads and proves any of the following:

"(i)  The current offense is a controlled substance charge, in which an allegation under Section 11370.4 or 11379.8 of the Health and Safety Code was admitted or found true.

"(ii)  The current offense is a felony sex offense, defined in subdivision (d) of Section 261.5 or Section 262, or any felony offense that results in mandatory registration as a sex offender pursuant to subdivision (c) of Section 290 except for violations of Sections 266 and 285, paragraph (1) of subdivision (b) and subdivision (e) of Section 286, paragraph (1) of subdivision (b) and subdivision (e) of Section 288a, Section 311.11, and Section 314.

"(iii)  During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.

"(iv)  The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section, for any of the following felonies:

"(I)  A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.

"(II)  Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.

"(III)  A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288.

"(IV)  Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.

"(V)  Solicitation to commit murder as defined in Section 653f.

"(VI)  Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.

"(VII)  Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.

"(VIII)  Any serious and/or violent felony offense punishable in California by life imprisonment or death."

defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (*Id.*, subd. (e)(2)(C)(iii).)

The Reform Act also added section 1170.126. This section provides an eligible person who is presently serving an indeterminate life sentence imposed pursuant to the Three Strikes law with the right to petition to have his or her sentence recalled and to be sentenced as a one strike offender. An inmate is eligible for resentencing if the current sentence is for an offense that is not a serious or violent felony and the inmate is not otherwise disqualified. (§ 1170.126, subds. (a)-(e).)[6] Even if those criteria are met, the trial court may deny the petition if the court determines, in its discretion, that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).) In determining whether the inmate poses such a risk, the court may consider the inmate's criminal conviction history, disciplinary record and rehabilitation records while incarcerated, and "[a]ny other evidence the court, within its discretion, determines to be relevant . . . ." (*Id.*, subd. (g).)

An essential difference between the two statutes is that under section 667, subdivision (e)(2)(C), the lesser sentence is mandatory regardless of whether the person poses a danger to the public, while an inmate who petitions the court for recall of his sentence under section 1170.126 receives the reduced sentence only if the court

---

[6] An inmate is disqualified from resentencing if the inmate's current sentence was "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of [section 667, subdivision (e)(2)(C)]." (§ 1170.126, subd. (e)(2).) The referenced clauses are set forth *ante* in footnote 5.

7

determines he would not pose an unreasonable risk of danger to public safety. Another difference is that section 667, subdivision (e)(2)(C) explicitly requires that the prosecution "pleads and proves" a disqualifying fact, while section 1170.126 does not.

Accordingly, if section 667, subdivision (e)(2)(C) applies to defendant and he meets the objective criteria for sentencing under that subdivision, defendant is entitled to be resentenced as a one strike offender for counts 7 and 9; if, however, section 667, subdivision (e)(2)(C) does not apply to defendant, his recourse is to petition the trial court under section 1170.126 to recall his sentence and request resentencing.

2. Discussion

Defendant asserts he is entitled to the benefit of the mandatory sentencing provision as to his convictions for being a felon in possession of a firearm because his sentence is not yet final, the crime of being a felon in possession of a firearm is not a serious or violent felony, and the prosecution did not plead or prove any of the disqualifying facts set forth in the Reform Act. He concedes that the "use" of, or being "armed with," a firearm during the commission of a crime is a disqualifying fact. However, he asserts that the prosecution "must charge arming in the accusatory pleading and obtain a specific jury finding (or an admission) on that allegation," which it failed to do. Although a jury found that he had personally used a firearm during the commission of five crimes that occurred on July 23, 2010 (i.e., at a time when he held the status of convicted felon), the prosecution did not specifically allege (and the jury did not find) that he used or was armed with a firearm with respect to the counts of being a felon in

8

possession of a firearm. Therefore, he contends, he is not disqualified from receiving the lesser sentence provided under the Reform Act.

The Attorney General asserts that defendant's argument highlights a problem in applying the mandatory sentencing provision in this case. The Attorney General explains that the only reason the prosecution did not plead or prove the additional, disqualifying facts as to counts 7 and 9 was because the Reform Act, which created the requirement of pleading and proving such facts, was not enacted until after defendant was tried and sentenced.[7] Defendant thus "seeks to gain retroactive application of the beneficial changes in the law, and yet effectively bar the prosecution . . . from showing why [he] does not fall within the amended provisions of the law." Defendant, the Attorney General concludes, "cannot have it both ways." We agree.

Under section 667, subdivision (e)(2)(C), the lesser, one strike sentence is required when the current offense is not a serious or violent felony "*unless the prosecution pleads and proves*" certain additional facts regarding the current offense or the nature of his strike priors. (Italics added.) Thus, if the prosecution pleads and proves any of the facts

---

[7] Arguably, the prosecution could have charged a firearm enhancement under section 12022, subdivision (a) (armed with a firearm in the commission of a felony), or section 12022.5, subdivision (a) (personal use of a firearm in the commission of a felony). There is, however, authority that suggests that such enhancement allegations would have been improper. (See, e.g., *In re Pritchett* (1994) 26 Cal.App.4th 1754, 1757 [firearm use enhancement to crime of possession of short-barreled shotgun stricken because although shotgun was used *during* the defendant's possession of the gun, it was not used "'in the commission'" of his crime of possession]; *People v. Arzate* (2003) 114 Cal.App.4th 390, 400-401 [gun use enhancement stricken because such use was "not committed *in the commission* of the static offense of carrying a concealed weapon in a vehicle."].)

9

specified in section 667, subdivision (e)(2)(C)(i) through (iv), a defendant who would otherwise be entitled to be sentenced as a one strike offender is disqualified from receiving the lesser sentence and must be sentenced to the indeterminate life term that would have been imposed under the former law. The obvious purpose of this aspect of the Reform Act is to preclude the defendant from receiving the lesser sentence when any of the disqualifying facts occurred.

Applying section 667, subdivision (e)(2)(C) prospectively is a straightforward matter. In the accusatory pleading, when the prosecution charges a defendant who has two strike priors with a nonserious, nonviolent offense, it may include in the charge an allegation that, if found true, would disqualify the defendant from receiving the lesser sentence provided under the Reform Act. The prosecution could allege, for example, that during the commission of the crime the defendant used or was armed with a firearm within the meaning of section 667, subdivision (e)(2)(C)(iii). If the jury finds the defendant guilty of the crime and further finds the disqualifying allegation true, the defendant would be sentenced to the indeterminate life term; if the jury finds him guilty of the crime but does not find the disqualifying allegation true, the defendant is sentenced as a one strike offender. (See § 667, subd. (e)(2)(A), (C).)

Attempting to apply the literal terms of the mandatory sentencing provision to one who has already been sentenced, however, can be problematic. Although the statute contemplates that the People can preclude the lesser sentence by pleading and proving a disqualifying fact, the prosecution cannot plead or prove anything after the defendant has

10

been sentenced.  Thus, even where a defendant committed a crime under circumstances that would have disqualified him from receiving the reduced sentence—e.g., he was armed with a gun during the commission of the crime—the People would be unable to preclude the lesser sentence solely because it is too late to plead and prove the disqualifying fact.  Nevertheless, if the "pleads and proves" language is given effect in this situation, the defendant would be entitled to the lesser term provided by the Reform Act despite the fact he was armed with a gun during the crime.  This construction of the Reform Act is plainly inconsistent with the clear intent of the statute to prevent such persons from receiving the lesser term and should, therefore, be rejected.  (See *People v. Leiva* (2013) 56 Cal.4th 498, 506 [courts will reject a literal construction of a statute that is contrary to the legislative intent or would lead to absurd unintended consequences].)

This problem might not arise when the Attorney General concedes there was no basis for alleging a disqualifying fact or the record discloses nothing to suggest the prosecution could have pleaded or proved a disqualifying fact.  That, however, is not our situation.  Indeed, it appears from the facts disclosed by the record and the jury's findings on other counts that the prosecution could have properly made and probably proved the disqualifying fact that defendant was armed with a firearm during the commission of the crimes charged in counts 7 and 9.[8]  Indeed, the only plausible explanation for the

_____

[8]  An allegation that defendant is disqualified from the lesser sentence for count 7 could have been easily supported in light of the jury's verdicts and findings as to other counts arising from the events of July 23, 2010.  As to count 9, although there is no evidence that defendant *used* the firearm he possessed on August 5, 2010, he was arguably *armed* with the shotgun found close to him when he was detained.  (See, e.g.,

*[footnote continued on next page]*

11

People's failure to make such allegations is that the legal basis for doing so—section 667, subdivision (e)(2)(C)(iii)—did not exist at the time defendant was charged and tried.

We emphasize that we do not decide whether the mandatory sentencing provisions of the Reform Act apply more generally to persons sentenced prior to its passage. Our holding is limited to the circumstances in this case. Here, the record indicates the prosecution could have pleaded and proved a disqualifying fact if the Reform Act had been in effect at the pertinent time. To allow defendant to benefit from the mandatory sentencing provision under these circumstances would be contrary to the intent of the Reform Act. Therefore, defendant is not entitled to be resentenced under section 667 subdivision (e)(2)(C); his recourse is to pursue the alternative remedy under section 1170.126.[9]

B. *Clerical Errors in Abstract of Judgment*

Defendant points out two errors in the abstract of judgment, which the Attorney General agrees should be corrected. First, the abstract of judgment describes the crime of which defendant was convicted in count 5 as "SHOOT INHABITED HOUSE/BUILDING." Although the statute defining the crime defendant was convicted of in count 5 prohibits shooting at an inhabited house or occupied building as well as an

_____

*[footnote continued from previous page]*
*People v. Bland* (1995) 10 Cal.4th 991, 997 [a defendant is armed if he or she has ready access to a firearm]; *Alvarado v. Superior Court* (2007) 146 Cal.App.4th 993, 1001 [one can be armed even though the firearm is not carried on the person's body].)

[9] We express no view as to whether defendant would be eligible for resentencing under section 1170.126.

12

occupied motor vehicle (§ 246), it is clear from the evidence and arguments at trial and the jury's verdict that his conviction was based on shooting at an occupied motor vehicle. Second, the abstract of judgment incorrectly states the date of his conviction with respect to count 9.

An appellate court has the inherent power to correct any clerical errors in the abstract of judgment to reflect the true nature of the judgment or proceedings. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1183.) Accordingly, we will direct the trial court to correct the errors.

## IV. DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment that (1) describes the crime of which defendant was convicted in count 5 as "SHOOTING AT AN OCCUPIED MOTOR VEHICLE," and (2) states that the date of conviction as to count 9 is August 9, 2011. The trial court is further directed to forward copies of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____
J.

We concur:

McKINSTER _____
Acting P. J.

RICHLI _____
J.

13