Filed 11/15/22 P. v. Stout CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C095431 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 16F2193, 16F2518, 16F4167) |
| v. | |
| DOUGLAS JEREMIAH STOUT, | |
| Defendant and Appellant. | |

In three separate Shasta County cases, defendant Douglas Jeremiah Stout pled no contest to two offenses and a jury found him guilty of eight more offenses. The trial court sentenced defendant to an aggregate term of 35 years two months in prison. After this court reversed one conviction, struck an enhancement, and remanded for resentencing, the trial court resentenced defendant to an aggregate term of 25 years four months in prison, including the upper term of nine years for the principal offense, assault

1

with a firearm, and stayed the sentences for five other offenses pursuant to Penal Code section 654.[1]

Defendant contends that amendments to sections 654, 1170, and 1170.1, which took effect while his appeal was pending, apply retroactively to his case and require us to vacate his sentence and remand for resentencing. The People agree. We will vacate defendant's sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In case No. 16F2193, defendant pled no contest to receiving a stolen motor vehicle with a prior felony and admitted a prior prison term. (§§ 496d, subd. (a), 666.5, 667.5, former subd. (b).) In case No. 16F2518, defendant pled no contest to possessing a billy club. (§ 22210.) In case No. 16F4167, the jury found defendant guilty of assault with a semiautomatic firearm (§ 245, subd. (b)), attempted carjacking (§§ 215, subd. (a), 664), attempted kidnapping (§§ 207, subd. (a), 664), two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1)), criminal threats (§ 422), armed criminal action (§ 25800), and illegal possession of ammunition (§ 30305, subd. (a)). The jury also found true five personal use of a firearm enhancements, three pursuant to section 12022.53, subdivision (b) for specified felonies (§ 12022.53, subd. (a)(3), (5)), and two pursuant to section 12022.5, subdivision (a).

The trial court sentenced defendant to an aggregate term of 35 years two months for all three cases, consisting of: (1) the upper term of nine years in prison for assault with a semiautomatic weapon, plus a 10-year enhancement for personally using a firearm during the offense; (2) consecutive terms of one year for receiving a stolen vehicle; (3) 10 months for attempted carjacking, plus three years four months for the attached firearm enhancement; (4) eight months for each count of possession of a firearm by a felon; (5)

_____

[1] Undesignated statutory references are to the Penal Code.

2

eight months for armed criminal action; (6) five consecutive one-year enhancements for prior prison terms (§ 667.5, former subd. (b)); and (7) two consecutive two-year enhancements for committing the offenses in the third case while out on bail in the two prior cases (§ 12022.1). The trial court imposed and stayed the execution of the sentences for the other four offenses and two attached firearm enhancements pursuant to section 654.

In a prior appeal, this court reversed one conviction for possession of a firearm by a felon, struck one stayed firearm enhancement, and remanded for resentencing, directing the trial court to stay the sentence for attempted carjacking and its firearm enhancement pursuant to section 654 and to consider striking the 10-year firearm enhancement pursuant to an intervening change in the law. (*People v. Stout* (2019) 38 Cal.App.5th 669, 676.)

On remand, the trial court confirmed the eight-month reduction for the reversed conviction and the four-year two-month reduction for staying the sentence for attempted carjacking. The trial court then struck the five one-year enhancements for prior prison terms to conform with an intervening change to section 667.5, subdivision (b). The trial court declined to strike the 10-year firearm enhancement because of the seriousness of the crimes and the escalation of potential harm to the victim due to defendant's use of the firearm. The trial court did not consider any other changes to defendant's sentence because it believed it lacked the discretion to reconsider its prior sentencing decisions except as instructed by this court's opinion. Thus, the trial court pronounced a new aggregate sentence of 25 years four months in prison.

Defendant timely appealed.

### DISCUSSION

Defendant makes four arguments: (1) we must remand for the trial court to exercise the new discretion granted by recent amendments to section 654; (2) the trial court's imposition of an upper term sentence and an upper term enhancement did not

satisfy the new requirements of sections 1170, subdivision (b)(2) and 1170.1, subdivision (d)(2); (3) the trial court erroneously failed to update defendant's custody credit at resentencing; and (4) the trial court should correct an error in the abstract of judgment. The People concede each of these four issues. We agree that the first issue requires remand for a full resentencing, where the trial court can resolve the remaining issues.

Recent amendments to section 654, which took effect after the trial court resentenced defendant, give trial courts discretion to select which one of multiple applicable punishments to execute, regardless of the length of each potential term of imprisonment. (§ 654, as amended by Stats. 2021, ch. 441, § 1.) "Previously, where . . . section 654 applied, the sentencing court was required to impose the sentence that 'provides for the longest potential term of imprisonment' and stay execution of the other term[s]. (Pen. Code, § 654, former subd. (a)[; see Stats. 1997, ch. 410, § 1].) As amended by Assembly Bill [No.] 518, Penal Code section 654 now provides the trial court with discretion to impose and execute the sentence of [any] term, which could result in the trial court imposing and executing [a] shorter sentence rather than the longe[st] sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.) These amendments apply retroactively to defendant's nonfinal sentence. (See *ibid.*)

At the time it resentenced defendant, section 654 required the trial court to impose punishment for assault with a semiautomatic firearm, which provided for the longest potential term of imprisonment, and stay other punishments based on the same acts. The trial court followed this statutory dictate when it initially sentenced defendant and believed it lacked discretion to reconsider this decision at resentencing, so we presume the trial court was, properly, not exercising discretion not yet granted to it. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390 ["Absent evidence to the contrary, we presume that the trial court knew and applied the governing law"].) Accordingly, applying the amendments to section 654 retroactively, we conclude the trial court was "unaware of the scope of its discretionary powers." (*Gutierrez*, at p. 1391.) Thus, the appropriate remedy

4

is to remand for resentencing, unless the record clearly indicates the trial court would have imposed the same sentence " 'even if it had been aware that it had such discretion.' " (*Ibid.*) We see no such clear indication—nor have the parties identified any—so we will remand for resentencing.

On remand, the trial court has the discretion to "revisit all prior sentencing decisions" in light of changed circumstances and in accord with the law in effect at the time of resentencing. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425; *People v. Walker* (2021) 67 Cal.App.5th 198, 205-206.) "[I]n an attempt to avoid the recurrence of error . . . , we discuss [the remaining] issues for the guidance of the parties and the trial court on remand." (*People v. Wilson* (1992) 3 Cal.4th 926, 930.)

As amended, section 1170, subdivision (b)(2) and section 1170.1, subdivision (d)(2) provide that a sentencing court can only impose an upper term sentence or enhancement if aggravating circumstances justify the upper term and "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§§ 1170, subd. (b)(2), 1170.1, subd. (d)(2), as amended by Stats. 2021, ch. 731, §§ 1.3 & 2; see also § 1170, subd. (b)(3).) As the parties agree, these amendments apply retroactively to nonfinal convictions. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109.) Accordingly, on remand, the trial court must comply with the requirements of these amended statutes if imposing an upper term sentence or enhancement.

The parties likewise agree that the trial court failed to recalculate defendant's custody credit, as required at resentencing: "[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20,

5

29; see § 2900.1.) On remand, the trial court should calculate defendant's custody credit up to the date of resentencing.

Lastly, in our prior appeal, we directed the trial court to correct a clerical error on the abstract of judgment incorrectly listing the conviction for count 7 in case No. 16F4167 as a violation of section 245, subdivision (b), assault with a semiautomatic firearm. (*People v. Stout* (Aug. 12, 2019, C085360) [nonpub. portion].) Although count 7 of the information originally alleged assault with a semiautomatic firearm, the verdict forms switched counts 6 and 7 from the information, so the jury found defendant guilty, on count 7, of illegal possession of ammunition in violation of section 30305, subdivision (a) and the trial court pronounced the sentence accordingly. The abstract of judgment after resentencing still contained this clerical error. Upon resentencing, the trial court should ensure this error does not persist.

DISPOSITION

Defendant's sentence is vacated, and the case is remanded for resentencing.


/s/
———————————————
BOULWARE EURIE, J.

We concur:


/s/
———————————————
ROBIE, Acting P. J.


/s/
———————————————
HULL, J.

6