Filed 12/5/24  P. v. Stout CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C099922 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 16F2193, 16F2518, 16F4167) |
| v. | |
| DOUGLAS JEREMIAH STOUT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Douglas Jeremiah Stout asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.  We affirm.

## I.    BACKGROUND

This case returns after our most recent remand for resentencing.

In the first case (case No. 16F2193), defendant pleaded no contest to receiving a stolen motor vehicle with a prior felony and admitted a prior prison term.  (Pen. Code,[1]

---

[1] Undesignated statutory references are to the Penal Code.

§§ 496d, subd. (a), 666.5, 667.5, former subd. (b)).) (*People v. Stout* (Nov. 15, 2022, C095431) [nonpub. opn.] (*Stout II*).)

A deputy sheriff pulled defendant over while defendant was driving a truck. When asked for the truck's registration and insurance, defendant said he did not have either as he had borrowed the truck from an acquaintance. The deputy noticed the steering column was covered by tape and the ignition appeared to be hanging by wires. The vehicle identification number and license plate did not match. Defendant admitted he suspected the truck was stolen.

In the second case (case No. 16F2518), defendant pleaded no contest to possessing a billy club. (§ 22210.) In that case, a police officer noticed a car parked in a fast-food restaurant parking lot with its door open. When the officer asked defendant to get out of the car, he saw a large wooden billy club on the floorboard.

In the third case (case No. 16F4167), a jury found defendant guilty of assault with a semiautomatic firearm, attempted carjacking, attempted kidnapping, two counts of possession of a firearm by a felon, criminal threats, armed criminal action, and illegal possession of ammunition. (§§ 245, subd. (b), 664/215, subd. (a), 664/207, subd. (a), 29800, subd. (a)(1), 422, 25800, 30305, subd. (a).) (*People v. Stout* (2019) 38 Cal.App.5th 669, 673 (*Stout I*).) The jury also found the personal use of firearm enhancements true. (§§ 12022.5, subd. (a), 12022.53, subd. (b).) (*Stout I*, at p. 673.) The trial court found true allegations as to all counts that defendant had served five prior prison terms (§ 667.5, former subd. (b)) and had committed the current offenses while released on bail on the other cases (§ 12022.1). (*Stout I*, at pp. 673-674.)

Defendant's first victim encountered defendant at a shopping mall, where he told her to " 'Get in your car or I will fucking kill you.' " (*Stout I*, *supra*, 38 Cal.App.5th at p. 672.) Defendant was pointing a semiautomatic handgun at her stomach. (*Ibid.*) The victim responded with an expletive, pushed defendant away, and he fled the scene. (*Ibid.*)

2

During the afternoon of that same day, defendant's second victim went to her home. (*Stout I*, *supra*, 38 Cal.App.5th at p. 672.)  She saw a car slow down in front of her house and watched defendant run down her driveway and jump into the car.  (*Ibid.*)  She followed the car and when she caught up with it, she asked the occupants why they were at her house. (*Ibid.*)  The driver (not defendant) said they were there to see someone else who lived at another house on the property.  (*Ibid.*)  When the police arrested defendant, they found he had a loaded semiautomatic pistol in his pocket.  (*Ibid.*)  Defendant presented an alibi defense asserting he spent the day at a barbecue and rafting/kayaking on the river.  (*Id.* at pp. 672-673.)

Upon the jury's verdict, the trial court sentenced defendant to 35 years 4 months on all cases.  (*Stout I*, *supra*, 38 Cal.App.5th at p. 674.)  This included the upper term of nine years in prison for the assault with a semiautomatic firearm, plus a 10-year enhancement for personally using a firearm during the offense.  (*Ibid.*)  The trial court followed this term with a consecutive term of one year in state prison for receiving a stolen vehicle, 10 months for the attempted carjacking plus three years four months for the firearm enhancement.  (*Ibid.*) The court additionally imposed eight-month terms for each count of possession of a firearm by a felon, eight months for possession of a billy club, five consecutive one-year enhancements for prior prison terms (§ 667.5, former subd. (b)), and two consecutive two-year terms for enhancements for committing the offenses in the third case while on bail for the first case (§ 12022.1).  (*Stout I*, *supra*, 38 Cal.App.5th at p. 674.)  The trial court imposed and stayed the execution of the sentences for four other offenses and two firearm enhancements pursuant to section 654.  (*Stout I*, *supra*, 38 Cal.App.5th at p. 674.)

Defendant appealed and a different panel of this court reversed one count of conviction for possession of a firearm by a felon, struck one stayed firearm enhancement, and remanded the matter for resentencing.  On resentencing, this court directed the trial court to stay the sentence for attempted carjacking and its firearm enhancement pursuant to

3

section 654, and to consider striking the 10-year firearm enhancement pursuant to an intervening change in the law.

On remand, the trial court followed this court's directions on the reversed and stayed convictions. The trial court further struck the five one-year enhancements for prior prison terms under section 667.5, former subdivision (b) to comply with an intervening change in the law. The trial court declined to strike defendant's 10-year firearm enhancement because of the seriousness of the crimes and the escalation in potential harm because defendant used a firearm. Believing it could not make any other changes to the defendant's sentence, the trial court pronounced a new aggregate sentence of 25 years 4 months in prison.

Defendant appealed a second time arguing the trial court was now required to exercise its new discretion based on changes to section 654; the trial court erred in imposing the upper term due to changes in section 1170, subdivision (b)(2); the trial court failed to update defendant's custody credit; and there was an error in the abstract of judgment. (*Stout II*, *supra*, C095431.) A second panel of this court reversed the matter and remanded for a full resentencing on the first point because "amendments to section 654, which took effect after the trial court resentenced defendant, give trial courts discretion to select which one of multiple applicable punishments to execute, regardless of the length of each potential term of imprisonment." (*Stout II*, *supra*, C095431; § 654, as amended by Stats. 2021, ch. 441, § 1.) We further clarified that the trial court had the discretion to revisit all prior sentencing decisions in light of changed circumstances and law. (*Stout II*, *supra*, C095431.)

On remand, defendant presented testimony that he had been born addicted to the drugs his mother was using and that she gave him drugs when he was a child to make his hunger go away. Defendant also testified about programs he completed in prison. Defendant stated he was subjected to physical discipline as a child and attempted to commit suicide as a result.

On cross-examination, defendant admitted he had two prior convictions in 2005 for driving or stealing a vehicle, a conviction for possession of methamphetamine in 2006, and

4

a conviction for taking a vehicle and being in receipt of stolen property in 2008. He further admitted he went to prison for the first charge in 2005, and again in 2008. He admitted he was on parole for the initial crimes when he committed the subsequent offense of possession of methamphetamine. He was also on parole for the prior crimes when he went back to prison in 2008.

Defendant testified he had a conviction for being a felon in possession of a weapon in 2010. Defendant further admitted a 2012 conviction for a stolen vehicle and a 2017 conviction for possession of a billy club. Defendant told the court he had a conviction in 2018 for an assault on a prisoner where he inflicted great bodily injury. At the time of the assault, defendant had been in prison for approximately two years. The prosecution offered, and without objection the trial court received, the certified records of defendant's prior convictions and California Law Enforcement Telecommunications System printouts of his record.

The trial court found defendant's prior convictions as an adult were numerous and increasing in seriousness, he had served prior prison terms, and defendant was on supervision at the time he committed some of the earlier crimes. As a result, in the third case (case No. 16F4167), the trial court found the aggravating circumstances outweighed any mitigating circumstances and reimposed the upper term of nine years as to assault with a deadly weapon. The trial court chose the assault as the principal term and stayed the other related terms under section 654 because that charge was fundamental to all of the other charges -- without the gun there would have been no attempted carjacking or kidnapping. The trial court reimposed the 10-year sentence for the firearms enhancement, the eight-month term for the possession of a firearm, and two two-year terms in state prison for the two on bail enhancements. The trial court imposed and stayed terms on the other counts. The trial court, however, found defendant's educational programming supported some adjustment to his sentence in case No. 16F2518 and as a result, the trial court ran that

5

sentence concurrently with the prior two cases.  Defendant's new sentence was for a total term of 23 years 8 months in prison.

Defendant filed a timely notice of appeal.

## II.     DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.  We will affirm the judgment.

## III.     DISPOSITION

The judgment is affirmed.


   /s/
WISEMAN, J.*


We concur:


  /s/
DUARTE, Acting P. J.


  /s/
KRAUSE, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.